# SULLIVAN,

## JANUARY TERM A. D. 1845.

---

### FISHER *v.* WILLARD.

An agreement by a creditor that a sum of money in his hands, belonging to a third person, shall be applied or accounted for as a part payment of the debt is, if without consideration, not binding; and a tender of the difference between such sum and the amount otherwise due, is insufficient.

An agreement by a creditor, without consideration, to accept a less sum than that which is due, in satisfaction of his debt, is also invalid.

ASSUMPSIT, upon an order drawn by the defendant, which was as follows:

"CLAREMONT, March 22, 1842.

"Theron Metcalf, Sir:—Value received, pay Leonard Fisher $418.72, of the avails of goods attached on a writ in my favor against Simeon Haywood, and the interest on the same, when said goods are sold and the avails realized— to be collected as soon as conveniently may be after sale.

LEVI WILLARD."

It appeared that Simeon Haywood had failed, and assigned his property to William Rossiter; that Willard and Fisher, being creditors, had afterwards attached the property, and summoned Rossiter as trustee, in actions against Haywood; that Fisher assigned and relinquished to Willard his attachment and all his claims against Haywood, and all property belonging to him in Fisher's hands, and that such was the consideration of the order.

It further appeared, that previous to this, Rossiter, with the consent of Haywood, had employed Fisher to go into

the State of Vermont, and elsewhere, to collect together stoves and other property of Haywood, and had at the same time given him for collection sundry small accounts, for which he had promised to account to Rossiter, and on which he received about $9. This sum he claimed to retain, to compensate him for his services in respect to the property which he had been employed to collect, for which services it appeared that Rossiter had undertaken to pay him. But there was evidence that he had agreed to account for this sum as part of what should be due to him upon the order, although there was no evidence of Rossiter's consent to such an appropriation of it. The order was accepted by Metcalf, who sold a part of the property for about $400 to sundry persons, and the remainder to Willard, who had not paid for it, and made sundry payments to the plaintiff, which were indorsed upon the order.

There was evidence also tending to show that Willard called on Fisher to learn what balance was due upon the order on the 2d day of March, 1843; that Fisher cast it, and informed him and told him that he had left the order with Mr. Freeman, to whom he might pay it. On the same day, Metcalf, being furnished by Willard with money for the purpose, tendered an amount less by $9 than the sum due by the terms of the order, with the indorsements deducted, insisting that Freeman should allow that sum by reason of Fisher's having received it upon the accounts before mentioned, given to him for collection, which Freeman refused to do. Fisher on the same day demanded of Metcalf payment of the order, who refused to pay anything more than he had offered to Freeman, which refusal was duly notified to the defendant Willard.

Upon this evidence the court instructed the jury that if the $9 in dispute had not been indorsed upon the order in Freeman's hands, Metcalf's tender was insufficient by that amount, unless he at the same time produced the receipt that Fisher had given to Rossiter, to account for that sum,

or exhibited other evidence of Rossiter's assent to such an appropriation of the money, or of his discharge of the plaintiff on account of it.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside, by reason of the supposed error in the instruction, and for a new trial.

*Leland,* for the plaintiff.

*Hubbard,* for the defendant.

GILCHRIST, J. In this case the defendant was liable to the plaintiff upon the order in his favor drawn upon Metcalf, he having refused to pay the balance appearing upon the paper itself to be due, upon the ground that the plaintiff had received that balance, amounting to about nine dollars, from a source and under circumstances that rendered right that it should be accounted for by him, as payment to that extent.

This small sum in controversy was the fruit of collections made by the plaintiff of small accounts which Rossiter had placed in his hands for collection, and for which he had given his promise to account to Rossiter. We are left to infer, and, as the inference is favorable to the defendant, shall do so, that these demands were, like the property which the plaintiff had been employed to collect, parcel of the effects covered by the assignment made by Haywood to Rossiter, and which it became the duty of the latter, by virtue of the trust reposed by that transaction, to collect and make available for the proper objects. To pay the necessary charges for the services performed by Fisher, Rossiter was primarily holden to him; but he might, without question, have retained the fund for the purpose of indemnity, or have used such parts as he found available, to pay the servant whom he had so employed. If he had actually made such an appropriation in this case,

then the money collected by Fisher became his own. If not, then it was, as between himself and Rossiter, unquestionably the money of the latter, to whom he had promised to account for it, whatever trusts in regard to it may have been chargeable upon him.

Now, upon the state of the evidence, there is plainly no pretence for charging the plaintiff with that sum of money as having been assigned by him as the property of Haywood in his hands, forming part of the consideration for which the order was given, nor for charging him with it as having been derived from the fund from which the drawee of the order was to have paid it; for it was in no practical sense the money of Haywood, but it was the money of Rossiter or of the plaintiff himself.

But it is said that the plaintiff, by his own promise, has charged himself with the sum in dispute. It is impossible to state the terms of this promise without exposing its absolute nudity. It was to appropriate the money of Rossiter to pay the debt of Willard, or else it was to forgive, without consideration or equivalent, so much of his own just claim against Willard. Nothing is better settled than that a promise, without some kind of consideration, to receive a less sum in payment of a greater, is of no effect. *Clark* v. *Dinsmore*, 5 N. H. 139, and authorities there cited.

The instructions to which the exception was taken were therefore correct, and there must be

*Judgment on the verdict.*